UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

PACIFIC RIVERS COUNCIL,           NO.   CIV. S 05-0953 MCE GGH

       Plaintiff,

   v.                 <u>ORDER</u>

UNITED STATES FOREST SERVICE, et al.,

       Defendants.

   and

CALIFORNIA FORESTRY ASSOCIATION and AMERICAN FOREST & PAPER ASSOCIATION,

       Applicants for Intervention.

----oo0oo----

Through the present motion, California Forestry Association and American Forest & Paper Association ("Applicants for Intervention") seek to intervene in this action on a permissive basis under Rule 24(b)(2) of the Federal Rules of Civil Procedure.

1

1  Counsel for the Applicants has represented to the Court that the
2  other parties to this action do not oppose the proposed
3  intervention, and no opposition has been filed.
4       An applicant seeking permissive intervention must satisfy
5  three threshold requirements: 1) the motion must be timely; 2)
6  the court must have an independent basis for jurisdiction over
7  the applicant's claims; and 3) the intervenor's interests must
8  share a common question of law or fact with the main action.
9  Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998).  The
10 district court has broad discretion to grant permissive
11 intervention if these factors are met.  *See* Spangler v. Pasadena
12 City Board of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977).
13      There is no dispute that the threshold requirement for
14 permissive intervention have been satisfied in this matter.  The
15 instant lawsuit was only recently filed and intervention has been
16 sought on a timely basis.  Similarly, because the interests
17 advanced by Applicants in Intervention relate to the same 2004
18 Framework at issue in the main action, and because the same
19 jurisdictional bases apply, the remaining prerequisites (common
20 issues and independent jurisdictional grounds) are also met.
21      In exercising its discretion to allow permissive
22 intervention, the Court finds that the 2004 Framework impacts
23 large and varied interests, including those advanced by
24 Applicants in Intervention.  The potential magnitude of the 2004
25 Framework is great, and the implications flowing from any
26 challenge to it may be considerable.
27 ///
28 ///

1  Ensuring that all competing interests implicated by the Framework
2  are heard, including those advanced by Applicants in Intervention
3  herein, will contribute to the just and equitable resolution of
4  these cases.  Consequently permissive intervention will be
5  allowed, and the motion presently before the Court is GRANTED.[1]
6      In permitting such intervention, however, the Court must
7  still consider "whether the intervention will unduly delay or
8  prejudice the adjudication of the rights of the original
9  parties." Fed. R. Civ. P. 24(b)(2).  In that regard, the court
10 may impose reasonable conditions and restrictions on the
11 participation of intervenors so that their involvement does not
12 derail the efficient conduct of these proceedings.  *See*
13 <u>Stringfellow v. Concerned Neighbors in Action</u>, 480 U.S. 370, 380
14 (1987).
15     The Court will consequently impose limits on the briefing
16 allowed in any summary judgment motion filed in this matter, or
17 in related cases also before the Court.  Opening points and
18 authorities will be limited to fifty (50) pages in length.
19 Opposition papers are subject to a thirty (30) page limitation,
20 and reply memoranda shall not exceed (10) pages.
21 ///
22 ///
23 ///
24 ///
25 ///
26
27     [1]Because oral argument would not be of material assistance,
   this matter was deemed suitable for decision without oral
28 argument.  E.D. Local Rule 78-230(h).

3

Any brief filed on behalf of any intervenor, or group of intervenors represented by single counsel, shall not be longer than twenty (20) pages.

　　　IT IS SO ORDERED.

DATED: July 21, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE