1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

                              ----oo0oo----

11

12

SIERRA NEVADA FOREST PROTECTION              No. CIV-S-05-0205 MCE GGH
13 CAMPAIGN, CENTER FOR BIOLOGICAL
DIVERSITY, NATURAL RESOURCES
14 DEFENSE COUNCIL, SIERRA CLUB, and
THE WILDERNESS SOCIETY, non-profit           **ORDER DENYING FEDERAL**
15 organizations,                            **DEFENDANTS' MOTION TO**
                                             **CONSOLIDATE CASES**
16              Plaintiffs,

17        v.

18 MARK REY, in his official capacity as
Under Secretary of Agriculture; DALE
19 BOSWORTH, in his official capacity
as Chief of the United States Forest
20 Service; JACK BLACKWELL, in his official
capacity as Regional Forester,
21 Region 5, United States Forest Service;
JAMES M. PEÑA, in his official capacity as
22 Forest Supervisor, Plumas National Forest,

23              Federal Defendants.
_____
24
PEOPLE OF THE STATE OF CALIFORNIA,           No. CIV-S-05-0211 MCE GGH
25 ex rel. BILL LOCKYER,
Attorney General,
26
               Plaintiff,
27
          v.
28

                                  1

1  UNITED STATES DEPARTMENT OF
   AGRICULTURE; MIKE JOHANNS, in his
2  official capacity as Secretary of the
   Department of Agriculture;
3  MARK REY, in his official capacity as
   Under Secretary of Agriculture;
4  DALE BOSWORTH, in his official capacity
   as Chief of the United States Forest
5  Service; and JACK A. BLACKWELL in his
   official capacity as Regional Forester,
6  Region 5, United States Forest Service,

7                  Federal Defendants.
   _____
8
   CALIFORNIA FORESTRY ASSOCIATION
9  and AMERICAN FOREST & PAPER              No. CIV-S-0905-MCE DAD
   ASSOCIATION,
10
                   Plaintiffs,
11      v.

12 DALE BOSWORTH, Chief, United States
   Forest Service; MIKE JOHANNS, Secretary of
13 Agriculture; and JACK A. BLACKWELL,
   Regional Forester, Pacific Southwest Region,
14 United States Forest Service,

15                 Federal Defendants.
   _____
16
   PACIFIC RIVERS COUNCIL,
17                                          No. CIV-S-00953 MCE DAD
                   Plaintiff,
18      v.
19
   UNITED STATES FOREST SERVICE;
20 MARK REY, in his official capacity as Under
   Secretary of Agriculture; DALE BOSWORTH,
21 in his official capacity as Chief of the
   United States Forest Service;
22 JACK BLACKWELL, in his official capacity
    as Regional Forester,
23 Region 5, United States Forest Service,

24                 Federal Defendants.
   _____
25
                   ----oo0oo----
26

27        _____The matter is before the Court upon a motion by the

28 United States to consolidate, pursuant to Rule 42(a) of the

                              2

1  Federal Rules of Civil Procedure, the four above-captioned cases,

2  which have all been previously related in accordance with the

3  provisions of Local Rule 83-123.  According to the United States,

4  consolidation would promote judicial economy by providing a

5  comprehensive procedural mechanism for coordinating all four of

6  these challenges to the 2004 Sierra Nevada Forest Plan Amendment.

7      In requesting consolidation only for purposes of such

8  coordination, however, the United States specifically states that

9  the four cases should *not* be merged.  This concern is reiterated

10  by Plaintiffs California Forestry Association, Sierra Nevada

11  Forest Protection Campaign, People of the State of California and

12  Pacific Rivers Council, who agree with consolidation only to the

13  extent that the related cases are *not* merged and consolidation is

14  limited to requiring coordinated briefing and hearing schedules

15  to promote the efficient resolution of each case.

16      Although the parties appear to be in agreement that the

17  cases not be merged, the procedure utilized by this Court for

18  consolidation involves that very procedural vehicle, and would

19  entail designation of a single master case into which the other

20  cases would be incorporated.  Given the complexity of these cases

21  and the factual distinctions which apply to some of the actions,

22  such merger in the Court's view would be both unwieldy,

23  impracticable, and contrary to the parties' desires in any event.

24  Because the Court finds that such consolidation would

25  consequently not promote judicial economy, the United States'

26  //

27  //

28  //

Motion to Consolidate is DENIED.[1]

The Court does, find, however, that coordination within the confines of the related status of these cases is indicated. Consequently coordination to that extent will occur.  The parties in each case shall consult and, within 21 days of this order, submit joint status reports that include proposed schedules for briefing the merits of the cases.

IT IS SO ORDERED.

DATED: July 27, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1]Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h).