UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

PACIFIC RIVERS COUNCIL,  NO. CIV. S 05-0953 MCE GGH

    Plaintiff,

  v.  ORDER

UNITED STATES FOREST SERVICE, et al.,

    Defendants.

  and

QUINCY LIBRARY GROUP,

    Applicants for Intervention.

----oo0oo----

In its complaint, Plaintiff Pacific Rivers Council challenges the 2004 Sierra Nevada Forest Plan Amendment ("2004 Framework") on grounds that its approval, by Defendant United States Forest Service ("Forest Service"), violates various provisions of the National Environmental Policy Act, 42 U.S.C. § 4321, et seq. ("NEPA") and the Administrative Procedure Act, 5

1

U.S.C. §§ 701-706 ("APA"). By Order dated July 21, 2005, the Court allowed the California Forest Association ("CFA") and the American Forest & Paper Association ("AFPA") to intervene on a permissive basis under Rule 24(b) of the Federal Rules of Civil Procedure.[1] Presently before the Court is a Motion to Intervene on behalf of the Quincy Library Group ("QLG"). QLG asks that it be permitted to intervene either as a matter of right under Rule 24(a) or permissively pursuant to Rule 24(b).

QLG claims Plaintiff's challenge to the 2004 Framework, if successful, would severely impact the Herger-Feinstein Quincy Library Group Forest Recovery Act of 1998, a pilot program advocated by QLG which consists of various resource management activities designed to provide fire and watershed protection. QLG consequently seeks to intervene to protect those interests. Although the parties to this case did not oppose the earlier intervention requests on behalf of the CFA and the AFPA, Plaintiff now opposes QLG's motion, contending that it cannot meet the requirements for intervention as a matter of right and further should not be permitted to intervene permissively.

An applicant has the right to intervene under Rule 24(a) if 1) the intervention request is made in a timely fashion; 2) a "significantly protectable" interest related to the subject matter of the litigation is asserted; 3) disposition of the matter may impair or impede the applicant's interest in the absence of intervention; and 4) if the applicant's interest is not adequately represented by existing parties. <u>Wetlands Action</u>

---

[1] Unless otherwise noted, all further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

2

Network v. United States Army Corps of Eng'rs, 222 F.3d 1105, 1113-14 (9th Cir. 2000).  Private parties may not, however, intervene as a matter of right in an action alleging NEPA violations on grounds that such parties do not have the requisite significantly protectable interest in NEPA compliance actions. Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1108 (9th Cir. 2004).  Because QLG is a private party, and given the fact that the claims sought to be asserted in this action do implicate NEPA, intervention here as a matter of right appears inappropriate.

Permissive intervention under Rule 24(b), however, "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation."  SEC v. U.S. Realty & Improvement Co., 310 U.S. 434, 459 (1940).  Consequently permissive intervention may be allowed here even in the face of allegations sounding under NEPA.

An applicant seeking permissive intervention must satisfy three threshold requirements: 1) the motion must be timely; 2) the court must have an independent basis for jurisdiction over the applicant's claims; and 3) the intervenor's interests must share a common question of law or fact with the main action. Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998).  The district court has broad discretion to grant permissive intervention if these factors are met.  *See* Spangler v. Pasadena City Board of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977).

The threshold requirements for permissive intervention on QLG's part appear to have been satisfied.  The instant action was filed on May 13, 2005 and no briefing schedule for resolving this

3

matter (or the other related cases) has yet been established.  In addition, because the interests advanced by QLG relate to the same 2004 Framework at issue in the main action, and because the same jurisdictional bases apply, the remaining prerequisites (common issues and independent jurisdictional grounds) are also met.

In exercising its discretion to allow permissive intervention, the Court finds that the 2004 Framework impacts large and varied interests, including those advanced by QLG.  The potential magnitude of the 2004 Framework is great, and the implications flowing from any challenge to it may be considerable.  Ensuring that all competing interests implicated by the Framework are heard, including those advanced by QLG herein, will contribute to the just and equitable resolution of this case.  Consequently permissive intervention will be allowed, and the motion presently before the Court is granted.[2]

In permitting such intervention, however, the Court must still consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  Fed. R. Civ. P. 24(b)(2).  Plaintiff contends that without briefing limitations, the presence of multiple intervenors in this matter may prove logistically impracticable, both in terms of the parties' response to numerous briefs and the Court's burden in considering the voluminous papers that may be filed in response to anticipated motions for summary judgment.

---

[2] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h).

4

In that regard, the court may impose reasonable conditions and restrictions on the participation of intervenors so that their involvement does not derail the efficient conduct of these proceedings.  *See* Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 380 (1987).

The Court will consequently impose limits on the briefing allowed in any summary judgment motion filed in this case, as well as cases that have been deemed related to it.  Opening points and authorities will be limited to fifty (50) pages in length.  Opposition papers are subject to a thirty (30) page limitation, and reply memoranda shall not exceed (10) pages.  Any brief filed on behalf of any intervenor, or group of intervenors represented by single counsel, shall not be longer than twenty (20) pages.  Moreover, since a briefing schedule is in the process of being established for both this case and its related cases, no further intervention requests (beyond those already made) will be entertained absent a showing of compelling interest for such intervention.

IT IS SO ORDERED.

DATED: September 14, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

5