1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10
                    ----oo0oo----
11

12 PACIFIC RIVERS COUNCIL,              NO.  CIV. S 05-0953 MCE GGH

13          Plaintiff,

14     v.                              ORDER

15 UNITED STATES FOREST SERVICE,
et al.,
16
            Defendants.
17

18     and

19 CALIFORNIA SKI INDUSTRY ASSOCIATION,

20          Applicant for Intervention.

21

22                  ----oo0oo----

23     In its complaint, Plaintiff Pacific Rivers Council

24 challenges the 2004 Sierra Nevada Forest Plan Amendment ("2004

25 Framework") on grounds that its approval, by Defendant United

26 States Forest Service ("Forest Service"), violates various

27 provisions of the National Environmental Policy Act, 42 U.S.C. §

28 4321, et seq. ("NEPA") and the Administrative Procedure Act, 5

                            1

U.S.C. §§ 701-706 ("APA").  By Order dated July 21, 2005, the
Court allowed the California Forest Association ("CFA") and the
American Forest & Paper Association ("AFPA") to intervene on a
permissive basis under Rule 24(b) of the Federal Rules of Civil
Procedure.[1]  Moreover, on September 14, 2005, permissive
intervention was also permitted on behalf of the Quincy Library
Group.  Presently before the Court is a Motion to Intervene on
behalf of the California Ski Industry Association ("CSIA").  CSIA
asks that it be permitted to intervene either as a matter of
right under Rule 24(a) or permissively pursuant to Rule 24(b).

CSIA claims that Plaintiff's challenge to the 2004
Framework, if successful, could impact the continued viability of
Special Use Permits granted to ski areas utilizing national
forest land.  According to CSIA, the 2004 Framework makes it
clear that certain species and vegetation management standards do
not apply to ski areas.  CSIA seeks to assert these
particularized interests, and in so doing to protect the 2004
Framework, through this intervention request.  As opposed to the
Forest Service, which will defend the 2004 Framework in general
terms, CSIA claims that it has a narrowly focused perspective
which it should be permitted to underscore by way of
intervention.[2]  Plaintiff nonetheless opposes CSIA's motion,

---

[1]Unless otherwise noted, all further references to "Rule" or
"Rules" are to the Federal Rules of Civil Procedure.

[2]CSIA has already been permitted to intervene in two related
cases, Sierra Nevada Forest Protection Campaign et al. v. Rey et
al., Case No. CIV. S 05-0205 MCE GGH (a similar challenge to the
2004 Framework brought by a consortium of environmental
protection organizations), and People of the State of California
(continued...)

1 contending that it cannot meet the requirements for intervention
2 as a matter of right and further should not be permitted to
3 intervene permissively.

4    An applicant has the right to intervene under Rule 24(a) if
5 1) the intervention request is made in a timely fashion; 2) a
6 "significantly protectable" interest related to the subject
7 matter of the litigation is asserted; 3) disposition of the
8 matter may impair or impede the applicant's interest in the
9 absence of intervention; and 4) if the applicant's interest is
10 not adequately represented by existing parties.  Wetlands Action
11 Network v. United States Army Corps of Eng'rs, 222 F.3d 1105,
12 1113-14 (9th Cir. 2000).  Private parties may not, however,
13 intervene as a matter of right in an action alleging NEPA
14 violations on grounds that such parties do not have the requisite
15 significantly protectable interest in NEPA compliance actions.
16 Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1108 (9th Cir.
17 2004).  Because CSIA is a private party, and given the fact that
18 the claims sought to be asserted in this action do implicate
19 NEPA, intervention here as a matter of right appears
20 inappropriate.

21    Permissive intervention under Rule 24(b), however, "plainly
22 dispenses with any requirement that the intervenor shall have a
23 direct personal or pecuniary interest in the subject of the

24

25

26    [2](...continued)
v. U.S. Dept. Of Agriculture, et al, Case No. CIV. S 05-0211 MCE
27 GGH (California's own challenge to the 2004 Framework).  By
seeking to intervene in the third related challenge to the 2004
28 Framework represented by this case, CSIA seeks to ensure that its
interests are adequately heard in all three related cases.

1  litigation."  SEC v. U.S. Realty & Improvement Co., 310 U.S. 434,

2  459 (1940).  Consequently permissive intervention may be allowed

3  here even in the face of allegations sounding under NEPA.

4      An applicant seeking permissive intervention must satisfy

5  three threshold requirements: 1) the motion must be timely; 2)

6  the court must have an independent basis for jurisdiction over

7  the applicant's claims; and 3) the intervenor's interests must

8  share a common question of law or fact with the main action.

9  Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998).  The

10 district court has broad discretion to grant permissive

11 intervention if these factors are met.  See Spangler v. Pasadena

12 City Board of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977).

13      The threshold requirements for permissive intervention on

14 CSIA's part appear to have been satisfied.  The instant action

15 was filed on May 13, 2005 and no briefing schedule for resolving

16 this matter (or the other related cases) has yet been

17 established.  In addition, because the interests advanced by CSIA

18 relate to the same 2004 Framework at issue in the main action,

19 and because the same jurisdictional bases apply, the remaining

20 prerequisites (common issues and independent jurisdictional

21 grounds) are also met.

22      In exercising its discretion to allow permissive

23 intervention, the Court finds that the 2004 Framework impacts

24 large and varied interests, including those advanced by CSIA.

25 The potential magnitude of the 2004 Framework is great, and the

26 implications flowing from any challenge to it may be

27 considerable.  Ensuring that all competing interests implicated

28 by the Framework are heard, including those advanced by CSIA

4

herein, will contribute to the just and equitable resolution of
this case.  Moreover, CSIA's particular interests in preserving
the 2004 Framework may not adequately be represented by the
existing parties in this case.  Consequently permissive
intervention will be allowed, and the motion presently before the
Court is granted.[3]

In permitting such intervention, however, the Court must
still consider "whether the intervention will unduly delay or
prejudice the adjudication of the rights of the original
parties."  Fed. R. Civ. P. 24(b)(2).  Plaintiff contends that
without briefing limitations, the presence of multiple
intervenors in this matter may prove logistically impracticable,
both in terms of the parties' response to numerous briefs and the
Court's burden in considering the voluminous papers that may be
filed in response to anticipated motions for summary judgment.
In that regard, the court may impose reasonable conditions and
restrictions on the participation of intervenors so that their
involvement does not derail the efficient conduct of these
proceedings.  *See* <u>Stringfellow v. Concerned Neighbors in Action</u>,
480 U.S. 370, 380 (1987).

The Court will consequently impose limits on the briefing
allowed in any summary judgment motion filed in this case, as
well as cases that have been deemed related to it.  Opening
points and authorities will be limited to fifty (50) pages in
length.  Opposition papers are subject to a thirty (30) page

---

[3]Because oral argument would not be of material assistance,
this matter was deemed suitable for decision without oral
argument.  E.D. Local Rule 78-230(h).

5

limitation, and reply memoranda shall not exceed (10) pages.  Any brief filed on behalf of any intervenor, or group of intervenors represented by single counsel, shall not exceed twenty (20) pages.  Moreover, since a briefing schedule is in the process of being established for both this case and its related cases, no further intervention requests (beyond those already made) will be entertained absent a showing of compelling interest for such intervention.

IT IS SO ORDERED.


DATED: October 19, 2005


MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE