UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PACIFIC RIVERS COUNCIL, | NO. 2:05-cv-0953-MCE-GGH |
|     Plaintiff, | |
|   v. | ORDER |
| UNITED STATES FOREST SERVICE, et al., | |
|     Defendants. | |
|   and | |
| CALIFORNIA CATTLEMEN'S ASSOCIATION, | |
|     Applicant for Intervention. | |

----oo0oo----

In its complaint filed May 13, 2005, Plaintiff Pacific Rivers Council challenges the 2004 Sierra Nevada Forest Plan Amendment ("2004 Framework") on grounds that its approval, by Defendant United States Forest Service ("Forest Service"), violates various provisions of the National Environmental Policy Act, 42 U.S.C. § 4321, et seq. ("NEPA") and the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA").

1

By Order dated July 21, 2005, the Court allowed the California Forest Association ("CFA") and the American Forest & Paper Association ("AFPA") to intervene on a permissive basis under Rule 24(b) of the Federal Rules of Civil Procedure.[1]  On September 14, 2005 and October 19, 2005, permissive intervention was also granted on behalf of the Quincy Library Group and the California Ski Industry Association, respectively.

On March 28, 2007, nearly two years after this action was commenced and approximately one year after summary judgment briefing on this case was completed, the California Cattlemen's Association ("CCA") filed the Motion to Intervene presently before the Court.

CCA alleges that it is entitled to intervene in this lawsuit as a matter of right under Rule 24(a).  Alternatively, it seeks permission intervention under Rule 24(b).  CCA claims that Plaintiff's challenge to the 2004 Framework, if successful, would impact the ability of its members to use Forest Service lands for grazing purposes.  CCA further contends that its intervention request is timely because it did not realize until the time of a March 26, 2007 status conference that counsel for Plaintiff wished to bifurcate this case from the other related environmental matters also before this Court and also challenging the 2004 Framework.  CCA further points to the possibility that independent decisions on these matters might be forthcoming as an additional reason why it should be permitted to intervene at this juncture.

---

[1] Unless otherwise noted, all further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1     Plaintiff opposes CCA's motion, contending that it cannot
2 meet the requirements for intervention as a matter of right and
3 further should not be permitted to intervene permissively.
4     An applicant has the right to intervene under Rule 24(a) if
5 1) the intervention request is made in a timely fashion; 2) a
6 "significantly protectable" interest related to the subject
7 matter of the litigation is asserted; 3) disposition of the
8 matter may impair or impede the applicant's interest in the
9 absence of intervention; and 4) if the applicant's interest is
10 not adequately represented by existing parties.  Wetlands Action
11 Network v. United States Army Corps of Eng'rs, 222 F.3d 1105,
12 1113-14 (9th Cir. 2000).  Private parties may not, however,
13 intervene as a matter of right in an action alleging NEPA
14 violations on grounds that such parties do not have the requisite
15 significantly protectable interest in NEPA compliance actions.
16 Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1108 (9th Cir.
17 2004).  Because CCA is a private party, and given the fact that
18 the claims sought to be asserted in this action do implicate
19 NEPA, intervention here as a matter of right appears
20 inappropriate.
21     Permissive intervention under Rule 24(b), however, "plainly
22 dispenses with any requirement that the intervenor shall have a
23 direct personal or pecuniary interest in the subject of the
24 litigation."  SEC v. U.S. Realty & Improvement Co., 310 U.S. 434,
25 459 (1940).  Consequently permissive intervention may be allowed
26 here even in the face of allegations sounding under NEPA.
27 ///
28 ///

1    An applicant seeking permissive intervention must satisfy
2 three threshold requirements: 1) the motion must be timely;
3 2) the court must have an independent basis for jurisdiction over
4 the applicant's claims; and 3) the intervenor's interests must
5 share a common question of law or fact with the main action.
6 Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998).  The
7 district court has broad discretion to grant permissive
8 intervention if these factors are met.  *See* Spangler v. Pasadena
9 City Board of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977).
10    The Court finds that CCA's intervention request is untimely
11 and hence denies it on that basis.  As indicated above, the
12 instant Motion was brought nearly two years after this matter was
13 filed and one year following its submission on summary judgment.
14 In addition, the factors upon which CCA predicates its Motion
15 have not come to pass.  Plaintiff has not formally moved to
16 bifurcate this case from the others and no independent decision
17 from the Court has been forthcoming.  Plaintiff's Motion is
18 therefore DENIED.[2]

19    IT IS SO ORDERED.

Dated: September 28, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h).

4